**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------x
                                              :
In re:                                        : Chapter 11
                                              :
CHATSWORTH PGA PROPERTIES, LLC,               : Case No. 13-12457 (_____)
                                              :
         Debtor.                              :
                                              :
Employer's Tax Identification No.:            :
20-5913472                                    :
                                              :
-----------------------------------------------------------x
                                              :
In re:                                        : Chapter 11
                                              :
                                              : Case No. 13-12458 (_____)
CHATSWORTH AT PGA NATIONAL, LLC,              :
                                              :
         Debtor.                              :
                                              :
Employer's Tax Identification No.:            :
20-5913412                                    :
                                              x
-----------------------------------------------------------
In re:                                        :
                                              :
DEVONSHIRE AT PGA NATIONAL, LLC,              : Chapter 11
                                              :
         Debtor.                              : Case No. 13-12459 (_____)
                                              :
Employer's Tax Identification No.:            :
20-5912904                                    :
                                              :
----------------------------------------------- x
```

01:14129610.1

|  | : |  |
| --- | --- | --- |
| In re: | : | Chapter 11 |
|  | : |  |
| DEVONSHIRE PGA HOLDINGS, LLC, | : | Case No. 13-12460 (_____) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |
| Employer's Tax Identification No.: | : |  |
| 20-5912843 | : |  |
|  | : |  |
| ---------------------------------------------------------------x |  |  |

## MOTION OF THE DEBTORS AND
## DEBTORS IN POSSESSION FOR AN ORDER DIRECTING
## THE JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court for the entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"):  (i) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only and (ii) granting certain related relief (the "Motion").  In support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

### Background

2. On the date hereof (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11

U.S.C. §§ 101 et seq. (the "Bankruptcy Code").  No Trustee, examiner or creditors' committee has been appointed in these chapter 11 cases.

3. The Debtors continue in the possession of their property and continue to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The factual background relating to the Debtors' commencement of these chapter 11 cases and the facts and circumstances supporting the relief requested herein are set forth in greater detail in the *Declaration of Paul Rundell in Support of Chapter 11 Petition and First Day Motions* (the "Rundell Declaration") filed contemporaneously with this Motion and incorporated herein by reference.

5. The Debtors have filed or intend to promptly file a chapter 11 plan of reorganization (the "Plan"), negotiated with the Debtors' secured creditor, that will allow the Debtors to stabilize their business operations, restructure their debt obligations, ensure unsecured creditors are paid in full and allow residents to have the security of knowing the project will continue with uninterrupted operations.  Pursuant to a support agreement entered into prior to the Petition Date, the Plan is supported by the holder of 100% of the Debtors' secured claims.

**Relief Requested**

6. The Debtors seek entry of an order, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, directing:  (a) the joint administration of the Debtors' chapter 11 cases; and (b) parties in interest to use a consolidated caption, indicating that any pleading they file relates to the jointly administered bankruptcy cases of "Devonshire PGA Holdings, LLC, *et al.*"

7. The Debtors further request that a docket entry be made on the docket in the chapter 11 case of Devonshire at PGA National, LLC, Chatsworth at PGA National, LLC and

Chatsworth PGA Properties, LLC (collectively, the "Operating Debtors"), substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the Chapter 11 Cases of Devonshire PGA Holdings, LLC, Devonshire at PGA National, LLC, Chatsworth at PGA National, LLC and Chatsworth PGA Properties, LLC. All further pleadings and other papers in this Chapter 11 Case shall be filed in, and all further docket entries shall be made in, Case No. 13-12460 (Devonshire PGA Holdings, LLC, *et al.*).

8. A proposed consolidated caption for all notices, applications, motions and other pleadings (the "Proposed Caption") is annexed as Exhibit 1 to the proposed order approving this Motion. The Debtors request that the Court find that the Proposed Caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code in all respects.

9. Bankruptcy Rule 1015(b) provides, in relevant part, "if a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Local Rule 1015-1 states that:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Devonshire PGA Holdings, LLC ("Holdings") is a limited liability company that is the direct owner of 100% of the interests in Devonshire at PGA National, LLC. Devonshire at PGA National, LLC, in turn, is a limited liability company that is the direct owner of 100% of the interests in each of Chatsworth at PGA National, LLC and Chatsworth PGA Properties, LLC. Thus, the Debtors are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code, and the Court is authorized to grant the relief requested in this Motion. Further, as the order requested herein is an order relating to the routine administration of a case, it may be

01:14129610.1

4

entered by the Court in its sole discretion on an ex parte basis. See Local Rule 1015-1.

10. The joint administration of the Debtors' chapter 11 cases will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest. Entering an order directing joint administration of the Debtors' chapter 11 cases will avoid the need for duplicative notices, motions and applications, thereby saving time and expense. Joint administration will also enable parties in interest in each of the above-captioned chapter 11 cases to be apprised of the various matters before the Court in all of these cases.

11. Pursuant to section 342(c)(1) of the Bankruptcy Code, "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last four digits of the taxpayer identification number of the debtor." 11 U.S.C. § 342(c)(1). The Proposed Caption contains all of the required information and, therefore, satisfies the terms of section 342(c) of the Bankruptcy Code.

12. Furthermore, because these cases involve numerous potential creditors, the entry of an order of joint administration will: (a) significantly reduce the volume of pleadings that otherwise would be filed with the Clerk of this Court; (b) render the completion of various administrative tasks less costly; (c) minimize the number of unnecessary delays associated with the administration of numerous separate chapter 11 cases; and (d) protect the creditors of each of the Debtors' estates against potential conflicts of interest. Additionally, because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way by the entry of an order directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only.

## **Notice**

13. Notice of this Motion shall be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) each of the Debtors' twenty largest unsecured creditors; (c) the Operating Debtors' Secured Lender, ELP West Palm, LLC, and its counsel; (d) Administrative Agent to ELP West Palm, LLC, TriMont Real Estate Advisors, Inc.; (e) Holdings' Mezzanine Lender, HJSI Devonshire II, LLC, and its counsel; (f) Administrative Agent to HJSI Devonshire II, LLC; (g) counsel for the Resident's Council; (h) the Florida Office of Insurance Regulation; (i) the Centers for Medicare and Medicaid Services; (j) the United States Attorney's Office for the District of Delaware; (k) the Internal Revenue Service; and (l) the Securities and Exchange Commission. As this Motion is seeking first-day relief, notice of this Motion and any order entered hereon will be served on all parties required by Del. Bankr. L.R. 9013-1(m). Due to the urgency of the circumstances surrounding this Motion and the nature of the relief herein, the Debtors respectfully submit that no further notice of this Motion is required.

*[remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>: (i) granting the relief requested herein and (ii) granting such other and further relief as the Court may deem proper.

| | |
|---|---|
| Dated: September 19, 2013<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ M. Blake Cleary*<br>M. Blake Cleary (No. 3614)<br>Sean M. Beach (No. 4070)<br>Robert F. Poppiti, Jr. (No. 5052)<br>Justin P. Duda (No. 5478)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>Proposed Counsel for the Debtors |

## **EXHIBIT A**

**PROPOSED ORDER**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------------------------x
                                              :
In re:                                        : Chapter 11
                                              :
CHATSWORTH PGA PROPERTIES, LLC,               : Case No. 13-12457 (_____)
                                              :
         Debtor.                              :
                                              :
Employer's Tax Identification No.:            :
20-5913472                                    :
                                              :
---------------------------------------------------------------x
                                              :
In re:                                        : Chapter 11
                                              :
                                              : Case No. 13-12458 (_____)
CHATSWORTH AT PGA NATIONAL, LLC,              :
                                              :
         Debtor.                              :
                                              :
Employer's Tax Identification No.:            :
20-5913412                                    :
                                              x
----------------------------------------------
In re:                                        :
                                              :
DEVONSHIRE AT PGA NATIONAL, LLC,              : Chapter 11
                                              :
         Debtor.                              : Case No. 13-12459 (_____)
                                              :
Employer's Tax Identification No.:            :
20-5912904                                    :
                                              :
------------------------------------------- x
```

|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : |
| DEVONSHIRE PGA HOLDINGS, LLC, | : Case No. 13-12460 (_____) |
|  | : |
| Debtor. | : |
|  | : |
| Employer's Tax Identification No.:<br>20-5912843 | : |
|  | : |
| ---------------------------------------------------------------x |  |

### ORDER GRANTING MOTION OF THE DEBTORS
### AND DEBTORS IN POSSESSION FOR AN ORDER DIRECTING
### THE JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES

This matter coming before the Court on the *Motion of the Debtors and Debtors in Possession for an Order Directing the Joint Administration of Their Chapter 11 Cases* (the "Motion"),[1] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Motion and the Rundell Declaration; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion was sufficient under the circumstances; after due deliberation, the Court having determined that the relief requested in the Motion is necessary and essential for the Debtors' reorganization and such relief is in the best interests of the Debtors, their estates and their creditors; and the Court having determined that good and sufficient cause has been shown for the relief requested in the Motion;

IT IS HEREBY ORDERED THAT:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

01:14129610.1

1. The Motion is GRANTED as set forth herein.

2. The above-captioned chapter 11 cases shall be jointly administered for procedural purposes only. The Clerk of the Court shall maintain one file and one docket for all of these jointly administered cases, which file and docket for each respective chapter 11 case shall be the file and docket for In re Devonshire PGA Holdings, LLC, Case No. 13-12460 (____).

3. Parties in interest are directed to use the Proposed Caption annexed hereto as Exhibit 1 when filing pleadings with the Court in the chapter 11 cases of the Debtors indicating that the pleading relates to the jointly administered chapter 11 cases of "In re Devonshire PGA Holdings, LLC, *et al.*" The consolidated caption set forth in Exhibit 1 satisfies the requirements of section 342(c) of the Bankruptcy Code in all respects.

4. A docket entry shall be made on the docket in the chapter 11 cases of Devonshire at PGA National, Chatsworth at PGA National, LLC and Chatsworth PGA Properties, LLC substantially stating as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the Chapter 11 Cases of Devonshire PGA Holdings, LLC, Devonshire at PGA National, LLC, Chatsworth at PGA National, LLC and Chatsworth PGA Properties, LLC. All further pleadings and other papers in this Chapter 11 Case shall be filed in, and all further docket entries shall be made in, Case No. 13-12460 (___) (Devonshire PGA Holdings, LLC, *et al*.).

5. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effectuating a substantive consolidation of the above captioned chapter 11 cases.

01:14129610.1

-3-

-4-

6. This Court shall retain jurisdiction over any and all matters arising from the interpretations or implementation of this Order.

Dated: September \_\_\_\_, 2013
       Wilmington, Delaware

                                                    UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

01:14129610.1

**IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------x  
                                                :  
In re:                                          : Chapter 11  
                                              :  
DEVONSHIRE PGA HOLDINGS, LLC,       : Case No. 13-12460 (_____)  
*et al.*,[1]                                :  
                                              : (Jointly Administered)  
Debtors.                                  :  
                                              :  
---------------------------------------------------------------x

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Devonshire PGA Holdings, LLC (2843); Devonshire at PGA National, LLC (2904); Chatsworth at PGA National, LLC (3412); and Chatsworth PGA Properties, LLC (3472). The mailing address of each of the Debtors, solely for purposes of notices and communications, is 350 Devonshire Way, Palm Beach Garden, FL 33418.

01:14129610.1