# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
In re:                                                         : Chapter 11
                                                               :
DEVONSHIRE PGA HOLDINGS, LLC,                                  : Case No. 13-12460 (CSS)
et al.,[1]                                                     :
                                                               : (Jointly Administered)
Debtors.                                                       :
                                                               : **Ref Docket No. 22**
---------------------------------------------------------------x

### ORDER (I) SCHEDULING COMBINED HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT AND AMENDED PLAN OF REORGANIZATION AND (II) GRANTING AUTHORIZATION TO SOLICIT ACCEPTANCES OF THE AMENDED PLAN

Upon consideration of the motion (the "Motion")[2] of the Debtors for the entry of an order (a) conditionally approving the *Disclosure Statement for Joint Chapter 11 Plan of Reorganization* [D.I. 15], dated September 19, 2013, (b) scheduling a final hearing on approval of the Disclosure Statement combined with a hearing on confirmation of the *Joint Chapter 11 Plan of Reorganization of Devonshire PGA Holdings, LLC and its Subsidiaries* [D.I. 14], dated September 19, 2013; and (c) approving the solicitation procedures set forth herein and/or in the Motion pursuant to Bankruptcy Code sections 105, 1125 and 1126 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 3016, 3017, 3018, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 2002.1, 3016.1, 3017.1, 3018.2, and 3020.1; and it appearing that adequate and sufficient notice of the Motion

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Devonshire PGA Holdings, LLC (2843), Devonshire at PGA National, LLC (2904), Chatsworth at PGA National, LLC (3412) and Chatsworth PGA Properties, LLC (3472). The mailing address of each of the Debtors, solely for purposes of notices and communications, is 350 Devonshire Way, Palm Beach Garden, FL 33418.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

has been given under the circumstances; and the Debtors having filed the *Amended Disclosure Statement for Amended Joint Chapter 11 Plan of Reorganization* [D.I. 85] (the "Disclosure Statement") and *Amended Joint Chapter 11 Plan of Reorganization of Devonshire PGA Holdings, LLC and its Subsidiaries* [D.I. 84] (the "Plan"); and after due deliberation and upon the Court's determination that the relief requested in the Motion to the extent set forth herein is in the best interests of the Debtors, their estates, creditors and other parties in interest; and sufficient cause appearing thereof, it is

### HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. Any objections to the adequacy of the information contained in the Disclosure Statement are expressly reserved for consideration at the Combined Hearing (defined below).

3. The Combined Hearing Notice, the Non-Voting Notices and the Publication Notice are approved in all respects.

4. The Ballots are approved in all respects.

5. The Voting Record Date for the purposes of determining the creditors and equity Interest Holders entitled to receive the Solicitation Package or the Non-Voting Notices and to vote on the Plan shall be **October 21, 2013**.

6. The Solicitation Package and Non-Voting Notices shall be sent for distribution not later than **October 22, 2013**.

7. Any Plan Supplement must be filed with this Court not later than **November 13, 2013**.

8. Ballots must be received on or before **November 20, 2013 at 4:00 p.m. (prevailing Eastern Standard Time)** (the "Voting Deadline") in accordance with the

instructions on those Ballots, unless extended by the Debtors in writing.

9. If any claimant seeks to have a claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), such claimant is required to file a motion (the "Claims Estimation Motion") for such relief no later than seven (7) days prior to the Voting Deadline, and request that the Court schedule a hearing on such motion for a date prior to the Combined Hearing. Any such Claims Estimation Motion may be resolved by agreement between the Debtors and the movant without the requirement for further order or approval of the Court.

10. As to any creditor filing a Claims Estimation Motion, such creditor's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes after notice and a hearing, prior to the Combined Hearing.

11. Objections to the adequacy of the Disclosure Statement or confirmation of the Plan must be in writing, must conform to the Bankruptcy Rules, must set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the particular Debtor or Debtors, the basis for the objection and the specific grounds of the objection, and must be filed with the Bankruptcy Court, together with proof of service thereof, and served upon: (a) The Debtors: Devonshire at PGA National, LLC, (i) c/o HJSI Devonshire II, LLC, Manager, 2150 Post Road, Suite 301, Fairfield, CT 06824, Attn: R. Jeffrey Sands and (ii) Paul Rundell, Alvarez & Marsal, 55 W. Monroe St., Suite 4000, Chicago, IL 60603; (b) counsel for the Debtors: Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: M. Blake Cleary, Esq. & Sean M. Beach, Esq.; (c) ELP West Palm, LLC, Gerald F. Doherty, Senior Vice President & General Counsel, Erickson Living Properties, LLC, 701 Maiden Choice Lane, Baltimore, MD 21228; (d)

counsel to ELP West Palm, DLA Piper LLP US, 1251 Avenue of the Americas, New York, New York, Attn: Thomas R. Califano, Esq. and Gabriella L. Zborovsky, Esq. and DLA Piper LLP (US), 919 North Market Street, Stuite 1500, Wilmington, DE, 19801, Attn: R. Craig Martin, Esq.; (e) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Mark Kenney, Esq., by hand delivery or in a manner as will cause such objection to be <u>received</u> by all such parties on or before **November 20, 2013 at 4:00 p.m. (prevailing Eastern Standard Time)**. Any objections not filed and served as set forth above will not be considered by the Court.

12. Any party supporting the Plan may file a reply to any objection to confirmation of the Plan by **November 26, 2013**.

13. The Plan voting certification shall be filed by **November 26, 2013**.

14. A hearing shall be held before this Court on **December 2, 2013 at 10:00 a.m. (prevailing Eastern Standard Time)** or as soon thereafter as counsel can be heard, to consider the adequacy of the Disclosure Statement and confirmation of the Plan (the "<u>Combined Hearing</u>") at the United States Bankruptcy Court for the District of Delaware, before the Honorable Christopher S. Sontchi in the United States Bankruptcy Court for the District of Delaware, 824 N Market St., 5th Floor, Courtroom 6, Wilmington, DE 19801.

15. The Combined Hearing may be adjourned from time to time without further notice to creditors and other parties-in-interest by an announcement of the adjourned date at the Combined Hearing or any adjournment thereof or by an appropriate filing with the Court.

16. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

17. The Debtors are authorized to make non-substantive changes to the Disclosure Statement, Plan, Ballots, Combined Hearing Notice, Non-Voting Notices, Publication Notice, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, Plan, Ballots, Combined Hearing Notice, Non-Voting Notices, Publication Notice, and related documents prior to their distribution.

18. This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.

Dated: October 16, 2013
Wilmington, Delaware

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE